# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Michael Angel Salazar,<br><br>　　　　Defendant. | CR 16-01511-TUC-CKJ(BGM)<br><br>**MAGISTRATE JUDGE FINDINGS AND RECOMMENDATION** |

  Pending before the Court is a Petition to Revoke Supervised Release (Doc. 79) filed on June 16, 2021. An Evidentiary Hearing occurred before Magistrate Judge Macdonald on October 8, 2021. *See* Minute Entry 10/8/2021 ( Doc. 93). Defendant was present by videoconference, with his consent, and assisted by counsel. The Government presented three witnesses, United States Probation Officer Deborah L. Valenzuela, Pima County Sheriff's Deputy Joseph Klein and Julian Parnaby of Behavioral Systems Southwest , and admitted twelve exhibits into evidence. (Exhibits 1 through 12.) Michael Angel Salazar did make statements to the Court on his behalf. Pursuant to LR Crim. 5.1, this matter came before Magistrate Judge Macdonald for an evidentiary hearing and a report and recommendation. *See also* 18 U.S.C. § 3401(i). The Magistrate Judge recommends that the District Judge, after her independent review, find the Defendant did violate certain terms of his Supervised Release.

**I. BACKGROUND**

On December 7, 2016, Defendant pled guilty to the felony offense of Conspiracy to Transport Illegal Aliens for Profit. *See* Minute Entry 12/7/2016 (Doc. 44). On April 24, 2017, the District Judge sentenced the Defendant to 24 months in the Bureau of Prisons, with credit for time served, followed by 36 months of Supervised Release. *See* Judgment 4/24/2017 (Doc. 59). On November 12, 2020, the Defendant's Supervised Release was revoked, and he was sentenced to 3 months plus 5 days official detention adjustment in the Bureau of Prisons, followed by 12 months of Supervised Release. *See* Judgment 11/12/20 (Doc. 78).

On June 16, 2021, Defendant's Probation Officer filed a Petition for Warrant (Doc. 79) alleging violations of the following conditions of Supervised Release:

Standard Condition No. 9: "If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours."

Special Condition No. 1: "You shall participate as instructed by the probation officer in a program of substance abuse treatment (outpatient and/or inpatient) which may include testing for substance abuse. You must contribute to the cost of treatment in an amount to be determined by the probation officer."

Special Condition No. 2: "You must submit to substance abuse testing. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the cost of testing in an amount to be determined by the probation officer."

Special Condition No. 4: "You must participate in a mental health assessment and participate in mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. You must take medicine as prescribed by a medical professional providing mental health treatment, unless you object, in which event you must immediately notify the probation officer. You must contribute to the cost of treatment in an amount to be determined by the probation officer."

Petition for Warrant (Doc. 79, at 1-2.)

1    **II. ANALYSIS**

2    **Allegation A – Violation of Standard Condition No. 9**

3    This Standard Condition required the Defendant "If arrested or questioned by a
4    law enforcement officer, to notify the probation officer within 72 hours."

5    Pima County Sheriff's Deputy Joseph Klein testified he was on duty on May 24,
6    2021, when he pulled over a vehicle being driven by Mr. Salazar at approximately 10:10
7    p.m. near the intersection of Tucson Boulevard and Valencia Road, because the taillights
8    were not working on the vehicle. Mr. Salazar was also driving the vehicle on a suspended
9    license. According to Deputy Klein, Mr. Salazar was not cooperative and confrontational.
10   Deputy Klein attempted to de-escalate the situation and learned Mr. Salazar was on
11   federal supervised release. Mr. Salazar did not receive any citations, but he was told to
12   notify his Probation Officer about the incident.

13   Later that evening, Deputy Klein called United States Probation Officer
14   Valenzuela and left a message on her voice mail about the encounter with Mr. Salazar.

15   Ms. Valenzuela called Deputy Klein the next day, May 25, 2021, and discussed
16   the incident involving Mr. Salazar.

17   While Ms. Valenzuela was quickly made aware of the encounter Mr. Salazar had
18   with Deputy Klein, Mr. Salazar did not specifically notify Ms. Valenzuela within 72
19   hours of the incident as required by Standard Condition No. 9 of his Supervised Release
20   conditions.

21   The Court finds the Government has met it burden in establishing the Defendant
22   violated this Standard Condition of his Supervised Release.

23   **Allegation B – Violation of Special Condition No. 1**

24   This Special Condition required the Defendant to "participate as instructed by the
25   probation officer in a program of substance abuse treatment which may include testing
26   for substance abuse."

27   Ms. Valenzuela reviewed with Mr. Salazar the Implementation Of Terms Of
28   Supervision, which Mr. Salazar signed on February 3, 2021. The terms directed Mr.

Salazar to contact Behavioral Systems Southwest by March 12, 2021 to schedule a substance abuse evaluation.

Julian Parnaby testified that Mr. Salazar was notified by Behavioral Systems Southwest on or about April 30, 2021, that he was scheduled for a substance abuse Intake Assessment on Thursday, May 6, 2021 at 5:00 p.m. Mr. Salazar failed to attend the scheduled substance abuse evaluation.

The Court does find the Government has met its burden in establishing the Defendant violated this Special Condition of his Supervised Release.

**Allegation C – Violation of Special Condition No. 2**

This Special Condition required the Defendant to "submit to substance abuse testing."

On April 29, 2021, Ms. Valenzuela telephonically spoke to Mr. Salazar, while he was at work, and instructed Mr. Salazar to report to the probation office on May 4, 2021 for a urinalysis test.

Mr. Salazar failed to report to the probation office for the urinalysis test as instructed.

The Court does find the Government has met its burden in establishing the Defendant violated this Special Condition of his Supervised Release.

**Allegation D – Violation of Special Condition No. 4**

This Special Condition required the Defendant to "participate in a mental health assessment."

The Implementation Of Terms Of Supervision, which Mr. Salazar signed on February 3, 2021, also directed him to contact Behavioral Systems Southwest by March 12, 2021 to schedule a mental health evaluation.

According to Mr. Barnaby, Mr. Salazar was also notified by Behavioral Systems Southwest on or about April 30, 2021, that he was scheduled for a mental health Intake Assessment on Monday, May 10, 2021 at 1:30 p.m. Mr. Salazar failed to attend the scheduled mental health evaluation.

The Court does find the Government has met its burden in establishing the Defendant violated this Special Condition of his Supervised Release

## III. CONCLUSION

The Government has established by a preponderance of the evidence that Defendant Salazar violated Standard Condition No. 9 and Special Conditions Nos. 1, 2 and 4 of his Supervised Release.

## IV. RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. §636 (b) and 18 U.S.C. §3401 (i), the Magistrate Judge **RECOMMENDS** that the District Judge, after an independent review of the record, finds as follow:

1) The Defendant did violate Standard Condition No. 9 (Allegation A);

2) The Defendant did violate Special Condition No. 1 (Allegation B);

3) The Defendant did violate Special Condition No. 2 (Allegation C); and

4) The Defendant did violate Special Condition No. 4 (Allegation D).

Pursuant to 28 U.S.C. §636 (b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections with fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR 16-01511-TUC-CKJ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fe. R. Crim. 59 may result in waiver of the right of review.

Dated this 15th day of October, 2021.

Honorable Bruce G. Macdonald
United States Magistrate Judge